IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHICO NAKIA CURRY, #01864110 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv022 |
| DIRECTOR BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Chico Nakia Curry, an inmate currently confined at Polunsky Unit within the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The present Report and Recommendation concerns his motion for a temporary restraining order (Dkt. #21).

Plaintiff asserts that he is in administrative segregation at the Polunsky Unit. Plaintiff alleges that ever since Defendant Bobby Lumpkin received notice of his lawsuit, he has been retaliated against at the Polunsky Unit. He cites mail tampering, his inability to have offender services at the Polunsky Unit process his request to have money sent to the court to pay for copies, and that Major Gerry Hunter and Classification Manager Mark Duff continue to hold Classification Review hearings in *abstenia* and will not have the officers bring him to his Classification Review hearing. He remains at G-5 custody in Administrative Segregation. Plaintiff is seeking a temporary restraining order to stop the retaliation at the Polunsky Unit.

A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v.*

*City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Prod., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

Before the Court can assess the merits of Plaintiff's request for a preliminary injunction, the Court first must determine whether it has jurisdiction, both *in personam* and subject matter, to issue the preliminary injunction. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222 (5th Cir. 2017) (holding that a court may not issue a preliminary injunction when it lacks subject matter jurisdiction). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ( "[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

Plaintiff appears to be seeking a preliminary injunction with respect to events or conditions that are occurring or have occurred at the Polunsky Unit in Livingston, Texas. The Polunsky Unit is not within the territorial jurisdiction of the Tyler Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(6). The Court lacks jurisdiction to issue a preliminary injunction over persons or events that occurred at the Polunsky Unit. Plaintiff must raise his retaliation claims in a court with jurisdiction.

Here, the lack of jurisdiction over his claims are dispositive of Plaintiff's request for preliminary injunctive relief. Under these factors, the Court does not need to address the proper

standard of review for a preliminary injunction or the underlying merits of Plaintiff's request for a preliminary injunction. The motion for a preliminary injunction should be denied for lack of jurisdiction.

## Recommendation

It is accordingly recommended that Plaintiff's motion for a preliminary injunction (Dkt. #21) be denied for lack of jurisdiction.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 8th day of August, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE