UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00022

**Chico Nakia Curry,**
*Plaintiff,*

v.

**Director Bobby Lumpkin-Director TDCJ-CID et al.,**
*Defendants.*

# ORDER

Plaintiff Chico Nakia Curry, proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Doc. 142) recommending that the court grant defendants Bobby Lumpkin, Terry Burson, and William Wheat's motion for summary judgment (Doc. 78). The report also recommended that the claims against defendant Lorie Davis be dismissed. Plaintiff filed objections. Doc. 152.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended that summary judgment be granted to Director Lumpkin, Warden Burson, and Warden Wheat because, he concluded, there is no material fact in dispute that could show each defendant was aware of and disregarded a substantial risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994). The magistrate judge also recommended that this court find defendants entitled to qualified immunity. Finally, the magistrate judge recommended the dismissal of named but unserved defendant Lorie Davis. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (holding that unserved and defaulting former officials are entitled to the "benefit from the appearing defendant's favorable summary judgment motion"). Plaintiff objected to the magistrate judge's recommendations regarding Lumpkin, Wheat, and Burson.

The court has reviewed the magistrate judge's recommendation as to Director Lumpkin and concludes that he is entitled to summary judgment. Plaintiff has failed to allege sufficient facts to permit an inference that Director Lumpkin had actual awareness of a substantial risk of serious harm to plaintiff and consciously disregarded that risk. Plaintiff objects to this finding, noting that "[w]hether the Director took the time to read and investigate the matter at hand is not the Plaintiff's fault." Doc. 152 at 2. But an Eighth Amendment failure to protect claim requires that a defendant subjectively "be aware of facts" to put him on notice that "a substantial risk of serious harm exists." *Farmer*, 511 U.S. at 837. The allegations in the complaint and competent summary judgment evidence do not support such an inference. For this reason and the other reasons stated in the magistrate judge's report and recommendation, Director Lumpkin is entitled to summary judgment.

The court has reviewed the magistrate judge's recommendation as to Burson and Wheat and concludes that they are entitled to summary judgment. To the extent that Burson and Wheat were connected to the January 2020 assault, their actions did not evince a deliberate indifference to the serious needs of plaintiff. Plaintiff objects that "[a]s a warden it is not reasonable to allow a[n] inmate that [f]ile[d] Life Endangerment to be throw[n] back on the same wing or cell block as the perpetrators." However, plaintiff did not allege sufficient facts to demonstrate that Burson and Wheat were responsible for the decision to place plaintiff back into the T-Wing. Even if Burson and Wheat had been responsible for that decision, they would only have been following the lead of the State Classification Committee, which declined to credit plaintiff's allegation that he was in danger. Doc. 78-1 at 12; *see Longoria v. Texas*, 473 F.3d 586, 594 (5th Cir. 2006) (holding that "taking appropriate administrative action fulfills an official's protective duties under the Eighth Amendment"); *Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (deeming supervisors' actions reasonable when they "refer[] the matter for further investigation or tak[e] similar administrative steps").

To the extent prison supervisors can expose themselves to personal liability in such a situation, the "contours" of the right giving rise to this liability are not "sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018). Burson and Wheat are thus entitled to qualified immunity. For these reasons and the others stated in the magistrate judge's report and recommendation, Burson and Wheat are entitled to summary judgment.

Plaintiff does not object to the magistrate judge's conclusion that the claims against defendant Lorie Davis should be dismissed. *See Lewis*, 236 F.3d at 768 (holding that unserved and defaulting former officials are entitled to the "benefit from the appearing defendant's favorable summary judgment motion").

Having reviewed the objected-to portions of the magistrate judge's report de novo and the unobjected-to portions of the report for clear error, the court overrules plaintiff's objections and accepts the magistrate judge's findings and recommendation. The defendants' motion for summary judgment (Doc. 78) is granted. For the reasons stated in the report, plaintiff's claims against defendants Lumpkin, Burson, Wheat, and Davis are dismissed with prejudice. Plaintiff's claims against defendant Zachary Hannah will remain on the docket.

*So ordered by the court on September 12, 2023.*

J. CAMPBELL BARKER
United States District Judge