In The United States District Court
Eastern District Of Texas
Tyler Division

Chico Nakia Curry
vs.
Director Bobby Lumpkin Et. Al

Civil Action No: 6-22cv022

## Plaintiff's Motion For Summary Judgment Pursuant To Federal Rules Civil Procedure Rule 56

Good Morning To The Court. With much Respect The Plaintiff Comes Before You With His Motion For Summary Judgment. The Plaintiff Will Show To The Court Undisputed Facts Which Will Entitled The Plaintiff To Summary Judgment As A Matter Of Law.

### I.

In This Cause Of Action The Defendant Zachary Hannah Remains As A Party Who Acts With Deliberate Indifference In Violating The Plaintiff's 8th-Amendment Rights Against Cruel And Unusual Punishment When The Plaintiff was Attacked By Another Offender Gang Member Which Occurred In The Dayroom On January/19/2020.

### II.

The Defendant Zachary Hannah Stood By As The Plaintiff was Attacked By A Blood Gang Member Who Struck The Plaintiff A Number Of Times On The Left Side Of His Face And Head Causing The Plaintiff To Fall To The Floor In Severe Pain. Not Once Did The Defendant Hannah Attempt To Stop The Assault By Means Of Grabbing The Attacker Or Using His Mace To Ward Off The Attacker. All Prison Guards Are Supplied With A Can Of Mace For Such Emergency Situations. The Defendant Hannah Deliberately Failed Or Refused To Carry Out His Official Duty To Protect The Plaintiff. "Prison Guards May Be Sued Under The 8th Amendment When They Fail To Protect A Prisoner From Being Attacked By Another Prisoner". This Was Established In An Important Supreme Court Case Called Farmer V. Brennan: 511 U.S. 825 (1994). "To Bring A Failure To Protect Claim, A Prisoner Need To Show Deliberate Indifference". This Requires Proof That... 1. Guards Knew That There Was A Substantial Risk That You Would Be Seriously Harmed". 2. "That Such Guard Failed To Respond Reasonably To Protect You". In This Case The Defendant Hannah was An Eye witness To The Attack On The Plaintiff By This Prisoner Gang Member Who Struck The Plaintiff A Number Of Times To The Head And Face. Hannah Knew That The Plaintiff was Being Subjected To Serious Harm By This Prisoner And Deliberately Failed To Take Any Action To Stop The Attack. As A Matter Of Fact The Defendant Hannah Failed To Report The Incident To His Supervisors This Day Of January/19/2020. The Court Can Clearly See That The Defendant Hannah Acted With Deliberate Indifference When He Failed To Protect The Pla-

1

intiff From This Assault. As Stated The Defendant Hannah Did Not As Much As Use His Can Of Mace To Try And Stop The Attacker. The Plaintiff Was Left To Enter His Cell In Severe Pain And Suffering With Injuries To His Head And Face... Not Even Taken To Medical For Assistance. The Plaintiff Is Clearly Entitled To A Summary Judgment On These Undisputed Facts As A Matter Of Law.

### III.

The Plaintiff Now Shows The Court That Even After The Assault On The Plaintiff The Defendant Hannah Deliberately Refused To The Plaintiff Medical Attention For His Serious Injuries By Failing To Escort Or Have The Plaintiff Escorted To Medical. It Wasn't Until The Day After The Assault On The Plaintiff That He Was Seen By Medical. The Plaintiff Himself Made Other Staff Members Aware That He Had Been Attacked By This Prisoner, The Day After The Assault For The Defendant Hannah Intentionally Refused To Report The Incident. The Unit Medical Department Found That The Plaintiff Suffered Serious Injuries... Such As.... "A Decrease Range of Motion On Left Side Of Plaintiffs Jaw." "Pain To The Left Side Of Teeth And Top Of Jaw" "Slight Swelling Noted To Left Side Of Jaw." "X-Rays Were Necessary And Follow Up Treatment." (See Exhibit "A" Enclosed Which Is An Injury Treatment Report From The Unit Medical). Under The 8th Amendment A Prisoner Is Entitled To Medical Care For Serious Medical Needs. The Standard For Deliberate Indifference In Medical Cases Are The Same Two Part Standard (Objective And Subjective). To Prove Deliberate Indifference A Prisoner Must Show That... 1. Prison Officials Knew About The Serious Medical Needs.... 2. The Prison Official Failed To Respond Reasonably To It." (See Estelle: 429 U.S. At 104. Guterrez V. Peters: 111 F.3d. 1364, 1369 (7th Cir. 1997). "Prison Guards Or Other Non-Medical Officials Violates The 8th Amendment When They Intentionally Deny Or Delay Your Access To Medical Treatment." (See Brown V. District Of Columbia: 514 F.3d. 1279. (D.C. Cir. 2008).

### IV.

The Defendant Hannah Who Witness The Assault On The Plaintiff And Who Knew The Plaintiff Suffered Serious Injury Deliberately Failed Or Refused To Call Medical To The Scene Of The Incident Or Escort The Plaintiff To Medical. As Shown Herein The Defendant Hannah Attempted To Conceal The Incident By Failing To Report It Which Is The Normal Procedures Of The Unit. The Plaintiff Clearly Shows To This Court Undisputed Facts Which Entitles The Plaintiff To Summary Judgment As A Matter Of Law In Both These Instances.. Failure To Protect And Denial Of Medical Assistance By The Defendant Hannah And The Same Should Be Granted.

Wherefore, Premises, Considered. The Evidence Shows Undisputed Facts Which Entitles The Plaintiff To Summary Judgment And The Same Should Be Granted.

Respectfully Submitted On This Date   12 / 06 / 2023 .

Certificate Of Service Attached

## Certificate Of Service

The Plaintiff Certify That A True And Correct Copy Of His Motion For Summary Judgment Was Served On The Attorney For The Defendant <u>Benjamin Lindberg Dower, Office of The Attorney General-Defense Div. At 300 W. 15th Street, 7th Floor, Austin Texas 78701</u>. By Placing The Same In The U.S Mail On __12__/__06__/__2023__. The Plaintiff Is Unable To Make Copies Of The Injury Treatment Report Here At The Prison And Respectfully Suggest The Court Forward A Copy To The Attorney General.